IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| April Takeisha Middleton, | ) | Case No. 6:13-cv-01925-JMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Bon Secours St. Francis Hospital, Joann | ) | |
| Taylor, Cheri Clayton, Sheree Holmes, and | ) | |
| Mellissa Jordan, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a motion to dismiss filed by Defendants Joanne Taylor ("Taylor"), Cheri Clayton ("Clayton"), Sheree Holmes ("Holmes"), and Melissa Jordan ("Jordan") (collectively, "the Moving Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and to submit findings and recommendations to the District Court.

## BACKGROUND[1]

Plaintiff filed this action on July 12, 2013, alleging she was discriminated against and terminated based on her race and in retaliation for raising allegations of race discrimination to human resources. [Doc. 1.] Plaintiff alleges she was accused of misconduct in April 2010 and asked to relocate to another facility. [*Id.* at 4.] She moved to the MMOB

---

[1]For purposes of the motion to dismiss, the Court must accept as true Plaintiff's well-pleaded allegations and may rely on the Complaint and documents attached to the Complaint as exhibits or incorporated by reference. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Thus, the following Background is a summary of the allegations contained in the Complaint, Docket Entry Number 1, with reference to documents attached to the Complaint, Docket Entry Number 1-1.

Millennium Lab and worked there from June 2010 through March 2012 and alleges she experienced race discrimination at the MMOB Millennium Lab.  [*Id.*]  Plaintiff contends she complained to human resources about her allegations of race discrimination in December 2011 and was terminated in March 2012.  [*Id.*]

The Moving Defendants filed the instant motion to dismiss on August 12, 2013. [Doc. 20.]   Plaintiff filed a response in opposition on October 8, 2013.   [Doc. 37.] Accordingly, the motion to dismiss is now ripe for review.

## APPLICABLE LAW

### Liberal Construction of Pro Se Pleadings

Plaintiff brought this action pro se, which requires the Court to liberally construe herpleadings.  *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the complainant's legal arguments for her.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic

3

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

4

## DISCUSSION

The Moving Defendants contend they should be dismissed because they are not "employers" subject to suit under Title VII. [Doc. 20-1.] With respect to Plaintiff's Title VII claims, the Court agrees.[2]

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The statute defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day" for a given period of time and "any agent of such a person." *Id.* § 2000e(b). However, individuals are not liable in their individual capacities for Title VII violations. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). Accordingly, in their individual capacities, the Moving Defendants cannot be liable for any Title VII violation. Thus, as to the Moving Defendants, Plaintiff has failed to state a claim for relief under Title VII.

## CONCLUSION

Wherefore, based on the foregoing, it is recommended that the motion to dismiss be GRANTED IN PART and DENIED IN PART. The motion is granted to the extent Taylor, Clayton, Holmes, and Jordan seek to have the Title VII claims against them dismissed but denied with respect to the state law slander claim.

---

[2]Liberally construing the Complaint, Plaintiff has alleged violations of Title VII and a state law slander claim. [*See* Doc. 1 at 4 ("I want to be awarded what is due to me for these false allegations and slander of my name).] The Moving Defendants have filed their motion to dismiss with respect to Title VII only and have not moved to dismiss with respect to the state law slander claim.

5

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

February 10, 2014
Greenville, South Carolina