# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| April Takeisha Middleton, ) | Civil Action No. 6:13-01925-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Bon Secours St. Francis Hospital, Joann ) | **ORDER AND OPINION** |
| Taylor, Cheri Clayton, Sheree Holmes, and ) | |
| Mellissa Jordan, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff April Takeisha Middleton ("Plaintiff") filed this action against Defendants Bon Secours St. Francis Hospital ("Bon Secours"), Joann Taylor ("Taylor"), Cheri Clayton ("Clayton"), Sheree Holmes ("Holmes"), and Mellissa Jordan ("Jordan") (collectively "Defendants"), alleging that she was subjected to discrimination and retaliation because of her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17.  (ECF No. 1 at 4-5.)  Plaintiff also asserts a state law claim for slander.  (Id.)  This matter is before the court on the motion by Taylor, Clayton, Holmes, and Jordan to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6) motion").  (ECF No. 20.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling.  On February 10, 2014, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant the Rule 12(b)(6) motion of Taylor, Clayton, Holmes, and Jordan as to Plaintiff's Title VII claims, but deny the Rule 12(b)(6) motion as to the claim for slander.  (ECF No. 39.)  Defendants objected to the Magistrate Judge's recommendation that

Plaintiff's slander claim survive dismissal. (ECF No. 44.) Plaintiff objected to the Magistrate Judge's recommendation that the Title VII claims against Taylor, Clayton, Holmes, and Jordan be dismissed. (ECF No. 46.) For the reasons set forth below, the court **ACCEPTS IN PART AND REJECTS IN PART** the Magistrate Judge's recommendation and **GRANTS** the Rule 12(b)(6) motion of Taylor, Clayton, Holmes, and Jordan to dismiss the claims in the complaint against them.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

The facts as viewed in the light most favorable to Plaintiff are discussed in the Report and Recommendation. (See ECF No. 39.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

In her pro se complaint, Plaintiff identifies Taylor, Clayton, Holmes, and Jordan as individuals working in various departments at Bon Secours. (ECF No. 1 at 3.) This action arises from the termination of Plaintiff's employment on or about March 26, 2012. (Id.) After receiving the right to sue from the United States Equal Employment Opportunity Commission, Plaintiff filed her pro se action in this court on July 12, 2013. (Id. at 1.) Plaintiff alleges that she was discriminated against, wrongfully terminated, and slandered. (Id. at 4-5.) On August 12, 2013, Taylor, Clayton, Holmes, and Jordan filed their Rule 12(b)(6) motion. (ECF No. 20.) Plaintiff filed opposition to the Rule 12(b)(6) motion of Taylor, Clayton, Holmes, and Jordan on October 8, 2013. (ECF No. 37.)

On February 10, 2014, the Magistrate Judge issued the aforementioned recommendation that the court grant the Rule 12(b)(6) motion of Taylor, Clayton, Holmes, and Jordan as to

2

Plaintiff's Title VII claims, but deny the Rule 12(b)(6) motion as to the claim for slander. (ECF No. 39.) On February 24, 2014, Defendants objected to the Magistrate Judge's recommendation stating that the complaint "does not contain sufficient factual allegations to state a cause of action against Defendants for defamation." (ECF No. 44-1 at 8.) On February 27, 2014, Plaintiff objected to the Report and Recommendation requesting that the court not dismiss Taylor, Clayton, Holmes, and Jordan. (ECF No. 46.)

## II.     LEGAL STANDARD

A.     The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B.     Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not

resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

C.    Liberal Construction of Pro Se Complaint

Plaintiff brought this action pro se, which requires the court to liberally construe her pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Haines, 404 U.S. at 520. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

D.    Claims Under Title VII

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . . ."  42 U.S.C. § 2000e-2(a)(1).  Title VII also protects individuals from retaliation by providing that it is an "unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, . . . in any manner in an investigation . . . under this subchapter."  42 U.S.C. § 2000e-3(a).  Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen [15] or more employees for each working day in each of twenty [20] or more calendar weeks in the current or preceding calendar year . . . ."  42 U.S.C. § 2000e(b).

E.    Defamation

"Slander is a spoken defamation, . . . ."  Murray v. Holnam, Inc., 542 S.E.2d 743, 748 (S.C. Ct. App. 2001).  The tort of defamation allows a plaintiff to recover for injury to his or her reputation as the result of the defendant's communications to others of a false message about the plaintiff.  Holtzscheiter v. Thomson Newspapers, Inc., 506 S.E.2d 497, 501 (S.C. 1998).  To establish a claim for defamation, the plaintiff must show (1) a false and defamatory statement was made concerning the plaintiff; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.[1]  Fleming v. Rose, 567 S.E.2d

---

[1] The defamatory meaning of a message or statement may be obvious on the face of the statement, in which case the statement is defamatory per se.  Holtzscheiter, 506 S.E.2d at 501.  If the defamatory meaning is not clear unless the hearer knows facts or circumstances not contained

857, 860 (S.C. 2002). "The publication of a statement is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Id. Defamatory communications may be in the form of slander. Holtzscheiter, 506 S.E.2d at 501.

### III.     ANALYSIS

A.   Plaintiff's Claim against Taylor, Clayton, Holmes, and Jordan for Violation of the Title VII

Upon her review, the Magistrate Judge concluded that Taylor, Clayton, Holmes, and Jordan cannot be liable for any Title VII violation because they are not employers. (ECF No. 39 at 5.)

In her objections to the Magistrate Judge's Report and Recommendation, Plaintiff provided additional allegations regarding Taylor, Clayton, Holmes, and Jordan, but she did not assert any facts relevant to the determination of whether any of these individuals should be considered an employer under Title VII. (See ECF No. 46.)

In reviewing the allegations of the complaint in the light most favorable to Plaintiff, it is clear that Plaintiff failed to allege facts that support a finding that Taylor, Clayton, Holmes, and Jordan are subject to liability under Title VII based on their status as employers. Therefore, the court agrees with the Magistrate Judge that Taylor, Clayton, Holmes, and Jordan are entitled to dismissal of the claims against them for discrimination and retaliation in violation of Title VII. Accordingly, the court accepts the Magistrate Judge's recommendation to grant the Rule

---

in the statement itself, then the statement is defamatory per quod, and the plaintiff must introduce extrinsic facts to prove the defamatory meaning. Id. In addition to those classifications, a statement may be actionable per se, in which case the defendant is presumed to have acted with common law malice and the plaintiff is presumed to have suffered general damages. Id. A statement may also not be actionable per se, in which case nothing is presumed and the plaintiff must plead and prove both common law malice and special damages. Holtzscheiter, 506 S.E.2d at 501-02.

12(b)(6) motion of Taylor, Clayton, Holmes, and Jordan as to Plaintiff's Title VII claims.

B.     Plaintiff's Claim Against Taylor, Clayton, Holmes, and Jordan for Defamation

Upon her review, the Magistrate Judge recommended denying the Rule 12(b)(6) motion of Taylor, Clayton, Holmes, and Jordan as to Plaintiff's claim for slander.  (ECF No. 39 at 5.)  In support of her recommendation, the Magistrate Judge observed that Taylor, Clayton, Holmes, and Jordan had not specifically moved to dismiss the slander claim.  (Id. at 5 n.2.)

In their objections to the Report and Recommendation, Defendants specify that the following allegations are the only references to slander in the complaint: (1) "I want to be awarded what is due to me for these false allegations and slander of my name[]"; and (2) "I was wrongfully terminated and false allegations have been used against me."  (ECF No. 44-1 at 2 (referencing ECF No. 1 at 4-5).)  As a result, Defendants argue that the Magistrate Judge erred in concluding that Plaintiff's complaint contains a properly pleaded cause of action against Taylor, Clayton, Holmes, and Jordan for slander.  (ECF No. 44-1 at 3.)  In support of their argument, Defendants assert that the complaint did not allege the necessary elements of a claim for slander. (Id. at 5 ("Nowhere in her Complaint does Plaintiff identify the false statement allegedly made about her . . . . identify who made the allegedly false statement or to what third party the alleged statement was published . . . articulate[] any special damages flowing from the alleged defamatory statement.").)  Defendants further assert that Plaintiff cannot satisfy the plausibility standard set forth in Ashcroft.  (Id.)  Therefore, Defendants argue that the Magistrate Judge's analysis and recommendation constitute errors of law that should not be affirmed by the court.  (Id. at 8.)

In reviewing the allegations of the complaint in the light most favorable to Plaintiff, it is clear that Plaintiff failed to allege facts that support a finding that Taylor, Clayton, Holmes, and

7

Jordan are subject to liability for slander. Therefore, the court disagrees with the Magistrate Judge that Taylor, Clayton, Holmes, and Jordan are not entitled to dismissal of the claim against them for slander. Accordingly, the court rejects the Magistrate Judge's recommendation to deny the Rule 12(b)(6) motion of Taylor, Clayton, Holmes, and Jordan as to Plaintiff's claim for slander.

## IV.     CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** the motion by Defendants Joann Taylor, Cheri Clayton, Sheree Holmes, and Mellissa Jordan to dismiss the claims in the complaint against them pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 20.) The court accepts in part the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 13, 2014
Greenville, South Carolina

8